THE PEOPLE v. BIRRIER ET AL.

APPEAL from the District Court of San Juan, Section 2.

No. 410.—Decided April 17, 1912.

CRIMINAL LAW—ADULTERY—SUFFICIENT COMPLAINT—PLACE WHERE CRIME WAS COMMITTED.—Upon consideration of the complaint filed in this case the court held that the allegation therein that the crime was committed in a house

in *barrio* Hato Rey of the municipality of Río Piedras and municipal judicial district of Carolina and therefore within the jurisdiction of the District Court of San Juan was sufficient, the jurisdiction of the court which tried the case was therefore properly established and it is not shown that the appellants were prejudiced in their defense in any way by reason of the lack of a more specific designation of the place in which the criminal act charged against them was committed.

ID.—ADULTERY—KNOWLEDGE THAT PERSON WITH WHOM ADULTERY IS COMMITTED IS MARRIED.—In sections 269 and 270 of the Penal Code in force in Porto Rico the fact that the unmarried man or woman knew that the woman or man with whom he or she cohabited was married is not made an express part of the definition of the crime and therefore it is unnecessary to state in the accusation the existence of such knowledge.

ID.—DESCRIPTION OF CRIME—SUFFICIENT INFORMATION.—Generally an information is sufficient when it follows the wording of the statute.

ID.—ADULTERY—UNMARRIED MAN—DEFENSE.—When the circumstances of the case are such that they might induce an unmarried man or woman to commit the act of cohabitation with a married person in the positive and actual belief that such person was not bound to another by the vows of matrimony, such fact may be alleged as a defense by the party who may be favored thereby.

The facts are stated in the opinion.

*Mr. José de J. Estevez* for appellants.

*Mr. Charles E. Foote, fiscal,* for respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is a case of adultery. The complaint substantially reads as follows:

"I, Rafael Tirado, resident of Río Grande, *barrio* Tortuje, No. —, 35 years old, charge the above-named defendants with the crime of adultery, committed as follows: That on November 2, 1911, at 2 o'clock a. m., in the *barrio* of Hato Rey, of this town, in the municipal judicial district of Carolina, said defendants wilfully had sexual intercourse in a room of a house in *barrio* Hato Rey. This act being contrary to the law for such case provided and punishable by the Penal Code in force, I inform your honor of it so that justice may be done. I beg to state to your honor that said Isabel Peraza is married to the undersigned and has four children."

Trial being held, the District Court of San Juan, Section 2, rendered judgment of conviction on December 22, 1911, against the two defendants, imposing upon each a fine of $100.

The defendants appealed to this court and the appeal was heard on February 8, 1912. No bill of exceptions nor statement of facts was filed, but the attorney for defendants appeared at the hearing of this appeal and in his brief and verbally alleged the following:

First. That the complaint was wholly insufficient because the exact place where the crime had been committed was not specifically alleged therein; and

Second. That the complaint was insufficient, at least as to the defendant, Birrier, because it failed to allege that Birrier knew that Isabel Peraza was a married woman.

The crime of adultery has been severely punished in almost every country. In many of them, in ancient times, the death penalty was inflicted upon the guilty ones. In Spain, the Fuero Juzgo provided that the two who had committed adultery should be handed over to the husband. The Laws of *Partidas* inflicted upon the adulteress the punishment of public whipping and her seclusion in a convent, with the loss of her dower, *arrhae,* and conjugal properties, all of which passed to the husband, and the accomplice, or person who committed adultery with her, was punished with death. Law 15, title 17, part 7. Law 1, title 21, of the *Ordenamiento de Alcalá,* which corresponds to Law 2, title 28, book 12, of the *Novísima Recopilación,* gave authority to the husband to kill those who committed adultery when taken by surprise in the commission of the crime, provided the two were killed at the same time. Article 437 of the Penal Code, previously in force in Porto Rico, prescribed that the husband who should kill his wife or adulterer when caught in the act could be punished only with the penalty of banishment.

Other provisions were contained in the ancient and modern Spanish codes relative to this crime, and the Penal Code above mentioned, in article 447, thus described said crime: "Adultery is committed by the married woman who lies with a man not her husband and by him who lies with her know-

ing that she is married, although the marriage be afterwards declared void,'' and it was punished by inflicting upon the guilty ones the penalty of *prisión correccional*. The married man, in accordance with said code, was only punished when he had a concubine in his home or out of it with scandal.

This difference between the adultery committed by the married woman and that committed by the married man, favorably to the man, also existed in the Spanish Civil Code in relation to the grounds for divorce.

Such difference has been abolished during the American sovereignty and the married man or the married woman who commit adultery are tried and punished in the same manner. Section 8 of the Organic Law, article 164 of the Revised Civil Code, and articles 269 and 270 of the Penal Code now in force.

Another fundamental change made during the American sovereignty is that the crime of adultery can be prosecuted the same as any other public crime. In accordance with articles 449 and 452 of the Penal Code previously in force, the culprits could only be punished upon complaint filed by the party aggrieved.

At common law adultery is the carnal intercourse with the wife of another man. The woman has to be a married woman; she must be the wife of another man; and any man, married or single, who has illicit intercourse with her is guilty of adultery. The common law only considered adultery from the fact that it tended to expose an innocent husband to maintain the children of another man and that such children could become his heirs. Hence adultery was limited to the criminal intercourse with a married woman. The sexual intercourse of a married man with an unmarried woman did not, at common law, make the man guilty of adultery. By the canon or ecclesiastical law adultery was the sexual intercourse between a man and a woman, one of whom at least was legally joined to a third person by the bonds of matrimony. The ecclesiastical law considered adul-

tery as a sin committed outside of the marriage relation. And as a violation of the vows of matrimony it was equally grave whether the offender was a man or a woman. Hence the offense was more general in its scope than at common law, and it was committed by a married man having intercourse with an unmarried woman. Am. and Eng. Enc. of Law, p. 747; *Bashford* v. *Wells* [Kan.], 96 Pac., 663; 18 L. R. A., 580.

The statutes of the different States of the American Union vary in the determination of this crime. In those of California, for example, simple adultery is not a public crime. It is necessary that the offenders should live openly as husband and wife in order that punishment could be inflicted upon them. *Ex parte* Thomas, 103 Cal., 497; *People* v. *Gates,* 46 Cal., 52. In Massachusetts, judging from the case of *Commonwealth* v. *Coll,* reported in 32 Am. Dec., 284, the statute is similar to that of Porto Rico, and simple adultery is a public crime.

Having dwelt upon the foregoing legal precedents with reference to this crime, we shall now proceed to consider and decide the two questions raised by appellants.

With regard to the specification of the place where the crime was committed, the complaint is sufficient. It is stated therein that the crime was perpetrated in a room of a house in *barrio* Hato Rey, in the town of Río Piedras, in the municipal judicial district of Carolina, and therefore within the jurisdiction of the District Court of San Juan. The jurisdiction of the court, therefore, was properly established and it has not been shown that appellants were prejudiced in their defense in any way by reason of the lack of a more specific designation of the place in which the criminal act charged against them was committed.

Referring now to the requisites that should be complied with in complaints and accusations for adultery, Cyc. cites the following: "While it is not necessary to allege the particular place within the county where the act was committed,

yet it must appear from the evidence that it was within the jurisdiction of the court." 1 Cyc., 957.

And as to whether it is necessary expressly to allege in the accusation that the man who lay with a married woman knew that she was married in order to establish his guilt as adulterer, we may say that this is a question to be decided in accordance with the wording of the statute applicable to the case. 1 Cyc., 958.

The law applicable to this matter in Porto Rico is contained in sections 269 and 270 of the Penal Code, whose text reads as follows:

"Section 269. Whoever, being married, shall voluntarily have sexual intercourse with a person other than the offender's husband or wife is guilty of adultery, and shall be fined not more than $2,000 or be imprisoned in jail not more than five years .or less than one year.

"Section 270. A prosecution for the crime of adultery shall commence within one year from the time of committing the crime or the time when the same shall come to the knowledge of complainant. When the crime of adultery is committed between a married woman and an unmarried man, or a married man and an unmarried woman, the unmarried man or the unmarried woman shall be deemed guilty of adultery, and shall be punished accordingly."

As may be seen in said sections the fact that the unmarried man or woman knew that the woman or man with whom he or she lay was married is not made an express part of the definition of the crime, and therefore it is unnecessary to state expressly in the accusation the existence of such knowledge. Generally, an accusation is sufficient when it follows the wording of the statute.

As a general rule the crimes created by law can be charged employing the words of the statute. See the Texas case of *State* v. *Campbell*, reported in 94 Am. Dec., 251, and the note beginning on page 252.

The crime of adultery exists from the moment that a married person wilfully lies with another person not his spouse. This fact has been clearly charged in the complaint which

serves as the foundation of this case. It is therein stated that Isabel Peraza is married to the complainant and has four children, and that Bernardo Birrier and Isabel Peraza wilfully had sexual intercourse.

The law also punishes as an adulterer the unmarried person who commits the carnal act with the married one.

However, if the circumstances of the case were such as to be sufficient to induce an unmarried man or woman to commit the act with a married person in the positive and actual belief that such person was not bound to another by the vows of matrimony, then such fact may be alleged as a defense by the party who may be favored by it. Otherwise it is sufficient to allege in the accusation and to prove at the trial the commission of the voluntary sexual intercourse between two persons, at least one of whom is married, in order to consider that the crime of adultery has been committed and to inflict upon the two culprits the punishment established by law.

In view of the foregoing reasons, the appeal should be denied and the judgment appealed from affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf and Aldrey concurred.